IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAWARA A. LEE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-4764 |
| TRUMARK FINANCIAL<br>CREDIT UNION,<br>    Defendant. | :<br>:<br>:<br>: |

**MEMORANDUM**

**PEREZ, J.**                                                                                                          **OCTOBER 23, 2024**

Jawara A. Lee has filed a civil action alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against his former employer Trumark Financial Credit Union ("Trumark"). Lee also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed with leave to amend.

**I.      FACTUAL ALLEGATIONS**[1]

Lee checked the spaces on his form Complaint indicating an intent to bring claims based on the termination of his employment, failure to promote him, failure to stop harassment, unequal terms and conditions of employment, and retaliation. (Compl. at 5-6.) He asserts that discriminatory acts, otherwise unspecified in the Complaint, occurred or began on July 11, 2023, and that the alleged discrimination was based on his race, which he indicates is "Black/AA," and his gender. (*Id*. at 6.) The form that Lee used to file his Complaint with the Court is nearly all

---

[1] The facts set forth in this Memorandum are taken from Lee's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

blank with the notation "Please see attached EEOC documents" in the area of the form where he was asked to state the facts of his case. (*Id*.)  Lee asserts that he filed charges with the EEOC on November 29, 2023, and was issued a Right to Sue Letter, which he received on June 11, 2024.[2] (*Id*.)  He seeks injunctive relief and money damages. (*Id*. at 8.)

The documents attached to the form Complaint appear to be a narrative statement that Lee filed with the EEOC and a reproduced email conversation with a Trumark human resources ("HR") representative. (*See id.* at 9-18.)  In these documents, Lee asserts that during his time at Trumark, he was denied a request for a raise and a promotion, was subjected to a "[t]oxic" work environment, suffered from mental and physical health issues, and was the victim of a "pattern of hiring only women for supervisory positions." (*Id.* at 9-12.)  He states that he had a meeting with HR on October 24, 2023, where he expressed his concerns about discriminatory treatment related to his work environment and lack of advancement. (*Id.* at 10-11.)  At that meeting, he told HR that he "wanted to resign because there were no other options for [him]." (*Id.* at 11.)  He states that he "filed for FMLA" on October 27, 2023. (*Id.* at 10.)  He "felt [he] was being forced out" and resigned from his position effective November 9, 2023. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Lee leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, the Court will accept the facts

---

[2] The Right to Sue Letter that Lee submitted with the Complaint states it was digitally signed by the EEOC representative on June 12, 2024. (*See* ECF No. 3 at 1.)

alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Lee is proceeding *pro se*, the Court construes the allegations of the Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.   DISCUSSION

The Court understands Lee's attached documents as an attempt to raise claims for a failure to promote him, a hostile work environment, constructive discharge, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), which prohibits discrimination in employment based on certain characteristics, including race and gender.[3]  *See* 42 U.S.C. § 2000e-2(a).  To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff

---

[3] Lee's documents also refer to the Family Medical Leave Act ("FMLA"), though it is unclear if he intends to lodge a claim for interference with his FMLA rights.  (*See* Compl. at 10-11.)  Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  An employer may not retaliate against an employee for requesting or taking FMLA leave.  *See* 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.").  To state an FMLA retaliation claim, a plaintiff must show that (1) he "invoked" his right to "FMLA-qualifying leave"; (2) that he "suffered an adverse employment decision"; and (3) "the adverse action was causally related to his invocation of rights." *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014).  With respect to the first element, the plaintiff must show that he was protected under the FMLA and that he requested FMLA leave.  To allege protection under the FMLA, the plaintiff must establish that he "was an eligible employee under the FMLA" and that he was "entitled to FMLA leave." *Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 155 (3d Cir. 2017); *see also* 29 U.S.C. § 2611 (describing who qualifies as an "eligible employee" under the FMLA).

must show that: (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he was rejected for the position despite his qualifications; and (4) the rejection occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). To state a failure-to-promote claim under Title VII, a plaintiff must allege: "(i) that he belongs to a [protected category]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *Noel v. The Boeing Co.*, 622 F.3d 266, 274 (3d Cir. 2010), *as amended* (Oct. 18, 2010) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994)).

      To plead a hostile work environment claim, a plaintiff must allege that: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (citations omitted); *see also Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014). A plaintiff alleging constructive discharge in the context of a hostile work environment bears the additional burden of "show working conditions so intolerable that a reasonable person would have felt compelled to resign." *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004); *see also Green v. Brennan*, 578 U.S. 547, 559 (2016) ("[C]onstructive discharge is a claim distinct from the underlying discriminatory act."). A plaintiff seeking to state a claim for retaliation under Title VII must allege that: (1) he engaged in conduct protected

by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Although a complaint need not establish a *prima facie* case to pass statutory screening, a plaintiff asserting a claim under Title VII must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the claim's elements.  *See Connelly*, 809 F.3d at 788-89; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint.  *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).  However, a plaintiff may not state a claim by relying *solely* on exhibits.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").

Lee's Complaint contains no factual allegations at all, let alone allegations sufficient to state any claim under Title VII.  Because Lee may not rely solely on exhibits to allege a plausible claim, the documents he appended to the Complaint cannot suffice to render his claims plausible.  For these reasons, his Complaint must be dismissed.  However, the Court will permit Lee the opportunity to file an amended complaint in order for him to state, in a single complete document, the factual allegations he would like the Court to consider in the screening of his discrimination claims.  An appropriate Order with additional information about filing an amended complaint will be entered separately.[4]

                                  **BY THE COURT:**

                                  */s/ Mia R. Perez*

                                **MIA R. PEREZ, J.**

---

[4] The Order also denies Lee's Motion to Appoint Counsel (ECF No. 4) as premature.  In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  That is not possible at this time because Lee has not alleged any plausible claims.